EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Enmiendas a la Reglas 3, 4, 10, 12, 14, 17, 18 y 25 del Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia | 2026 TSPR 26<br><br>217 DPR \_\_\_ |
| --- | --- |

Número del Caso: ER-2026-0001

Fecha: 12 de marzo de 2026

Materia: Enmiendas a la Reglas 3, 4, 10, 12, 14, 17, 18 y 25 del Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* Enmiendas a las Reglas 3, 4, 10, 12, 14, 17, 18 y 25 del Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia | ER-2026-0001 |

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de marzo de 2026.

El 23 de febrero de 2018 adoptamos el *Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia* (Reglamento), 199 DPR 904 (2018). Posteriormente, enmendamos el Reglamento mediante las Resoluciones de 18 de julio de 2018 y 5 de abril de 2019. No obstante, desde hace año y medio los miembros de la Comisión de Evaluación Judicial (Comisión), por conducto del Director Ejecutivo de la Comisión, han compartido con el Pleno del Tribunal Supremo recomendaciones de enmiendas dirigidas a mejorar el Reglamento y, por consiguiente, el procedimiento de evaluación de los jueces y las juezas del Tribunal de Primera Instancia. Asimismo, se enmienda el Reglamento para atemperar sus disposiciones con la Ley Núm. 91-1991, según enmendada, conocida como *Ley del Sistema de Evaluación de Jueces y Candidatos a Jueces* (4 LPRA sec. 71 *et seq*.).

Examinadas estas recomendaciones, resolvemos adoptar las enmiendas siguientes:

La Regla 3 del Reglamento leerá como sigue:

"***Regla 3. Definiciones***
A. […]
B. […]
C. […]
D. […]
E. […]
F. *Miembros de la Comisión* Los Jueces y las Juezas del Tribunal Supremo que participen en la Comisión y las personas que formen parte de esta de conformidad con la Regla 4 de este Reglamento.
G. […]
H. […]

I. […]
J. […]
K. […]".

Se enmienda la Regla 4 para que disponga lo siguiente:

"*Regla 4. Miembros de la Comisión: Nombramiento, facultades y limitaciones*

A. La Comisión estará compuesta por un presidente o una presidenta y diez (10) miembros nombrados por el Pleno del Tribunal Supremo. De los miembros nombrados, uno tendrá experiencia en asuntos de administración y otro será un ciudadano o una ciudadana que no sea abogado o abogada.

B. Los Jueces y las Juezas del Tribunal Supremo podrán participar, y tendrán voz y voto en cualquier reunión o actividad de la Comisión. Su asistencia no será requerida para establecer quórum, aunque sí podrá ser considerada a esos efectos.

C. Los ex Jueces y las ex Juezas del Tribunal Supremo también podrán participar como miembros honorarios de la Comisión, de así estos y estas solicitarlo al Director Ejecutivo o a la Directora Ejecutiva de la Comisión. Como miembros honorarios, contarán con voz y voto en cualquier reunión o actividad de la Comisión. No obstante, su asistencia no será requerida para establecer quórum, aunque sí podrá ser considerada a esos efectos. Las designaciones de los ex Jueces y las ex Juezas del Tribunal Supremo serán adicionales a los diez (10) miembros mencionados previamente. A su vez, su participación estará sujeta a lo dispuesto en los incisos (G) y (H) de esta Regla 4.

D. Los nombramientos de los miembros de la Comisión tendrán un término de tres (3) años, y ocuparán su cargo mientras gocen de la confianza del Pleno del Tribunal.

E. Los miembros de la Comisión ocuparán sus cargos hasta que se nombren y tomen posesión del cargo quienes les sucedan. Si ocurre una vacante, el Pleno del Tribunal nombrará un o una suplente, quien ocupará el cargo por el resto del término para el cual se nombró la persona que produjo la vacante.

F. Si por razón de ausencia, enfermedad o por cualquier otro motivo el Presidente o la Presidenta no puede asistir a la reunión, el Juez o la Jueza del Tribunal Supremo de mayor antigüedad presente, o de no haberlo, el Comisionado o la Comisionada de mayor

antigüedad presente, lo o la sustituirá y ejercerá todos sus deberes y funciones como Presidente Interino o Presidenta Interina.

G. Las y los miembros de la Comisión, una vez aceptan el nombramiento, reconocen y se obligan a guardar la más estricta confidencialidad. También se obligan a abstenerse de divulgar las confidencias, secretos, procesos de deliberación y demás información y asuntos que puedan ser o hayan sido objeto de consideración por la Comisión.

H. Las y los miembros de la Comisión se inhibirán de participar en el proceso de evaluación de un juez o una jueza cuando existan relaciones de parentesco dentro del segundo grado de consanguinidad o cuarto de afinidad; exista una amistad estrecha con la persona evaluada u ocurra cualquier situación que pueda aparentar favoritismo, preferencia o parcialidad. Para inhibirse del proceso de evaluación, notificarán al Director o a la Directora, quien hará constar el hecho en el acta de reunión y en el Informe Final de Evaluación correspondiente.

I. Las y los miembros de la Comisión, que no sean empleados regulares del Estado Libre Asociado de Puerto Rico, sus agencias, dependencias o corporaciones públicas, recibirán un pago en concepto de dieta de cien dólares ($100) por cada día o fracción de día que comparezcan a las reuniones y actividades oficiales de la Comisión. Además, podrán recibir el reembolso de gastos de viaje y dietas conforme a los reglamentos del Departamento de Hacienda".

La Regla 10 del Reglamento leerá como sigue:

## "*Regla 10. Frecuencia de las Evaluaciones*

A. La Comisión realizará evaluaciones detalladas sobre el desempeño judicial de los jueces y las juezas cada tres años, o en cualquier momento que reciba datos o información que hagan meritorio adelantar dicho término. También se realizará una evaluación adicional al final del término de su nombramiento.

B. […]

C. […]

D. La Comisión podrá retener jurisdicción sobre un proceso evaluativo y/o realizar evaluaciones de seguimiento. En estos casos, podrá posponer la determinación final sobre la calificación del juez o

de la jueza hasta que finalice el ciclo de evaluación.

E. […]

F. […]".

Se enmienda la Regla 12 para que disponga lo siguiente:

"*Regla 12. Fuentes de información*

A. […]

B. Además del envío de cuestionarios, como parte de la evaluación se podrán realizar entrevistas a los miembros de la comunidad en que reside el juez o la jueza bajo evaluación. En caso de que el juez o la jueza haya residido en varios lugares durante el periodo de evaluación, se podrán realizar entrevistas en todos los lugares. Se entrevistará a todo el personal o componente del Tribunal General de Justicia que sea pertinente a juicio del Director o Directora de la Comisión.

C. […]".

La Regla 14 del Reglamento leerá como sigue:

"*Regla 14. Confidencialidad del proceso y medidas de seguridad*

A. El proceso de evaluación que lleva a cabo la Comisión estará sujeto a normas de estricta confidencialidad, así como los procesos de deliberación, toda la información que se recopila y los documentos e informes que se generen. La información recopilada en las evaluaciones es para uso exclusivo de la Comisión y el Director o la Directora observará las más estrictas medidas de seguridad para garantizar la confidencialidad de la información ofrecida por las personas consultadas.

B. […]

C. […]

D. […]

E. Todo documento que contenga información, opiniones o entrevistas otorgadas por abogados y abogadas, funcionarios o funcionarias, o personas privadas consultadas durante el proceso de evaluación se considerará material estrictamente confidencial y no estará accesible a escrutinio público, excepto para

las y los miembros de la Comisión, su personal administrativo, las personas integrantes del Tribunal Supremo y el Director Administrativo o la Directora Administrativa de los Tribunales.

F. Las comunicaciones que se remiten al Gobernador o a la Gobernadora como parte del proceso de renominación y ascenso estarán accesibles al público y, para ello, se publicarán en el portal cibernético oficial de la Comisión.".

Se enmienda la Regla 17 para que disponga lo siguiente:

"***Regla 17. Escala de medición evaluación periódica***

A. […]

   1. […]

   2. Nivel 4.5 - Muy bien calificado(a): Significa que la evaluación realizada demostró que el nivel de capacidad y ejecución es sobresaliente y que en la mayoría de las ocasiones excede las expectativas del desempeño esperado. Los resultados reflejan un alto grado de competencia y profesionalismo, acercándose a la excelencia en la mayoría de las áreas evaluadas.

   3. Nivel 4- Bien calificado(a): Significa que la evaluación realizada demostró que el nivel de capacidad y ejecución es muy satisfactorio y frecuentemente excede las expectativas del desempeño esperado.

   4. Nivel 3- Calificado(a): Significa que la evaluación realizada demostró que el nivel de capacidad y ejecución es ocasionalmente satisfactorio y que se identificaron áreas en su actual desempeño que necesitan ser mejoradas.

   5. Nivel 2- Deficiente: Significa que la evaluación realizada demostró que el nivel de capacidad y ejecución cumple con los parámetros mínimos requeridos para desempeñar su cargo, pero no alcanza en su totalidad el desempeño esperado.

   6. No calificado(a): Significa que la evaluación realizada demostró que el nivel de capacidad y ejecución es insuficiente y no alcanza el desempeño esperado.

B. […]".

La Regla 18 del Reglamento leerá como sigue:

**"*Regla 18. Escala de medición – Evaluaciones motivadas por denominación o ascenso***

[…]

A. […]

  1. […]

  2. Nivel 4.5 - Muy bien calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) posee las cualidades y atributos requeridos para continuar desempeñando su cargo a un nivel de capacidad y ejecución sobresaliente. Los resultados reflejan un alto grado de competencia y profesionalismo, acercándose a la excelencia en la mayoría de las áreas evaluadas.

  3. Nivel 4- Bien calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) posee las cualidades y atributos requeridos para continuar desempeñando su cargo a un nivel de capacidad y ejecución muy satisfactorio, y que su desempeño judicial frecuentemente excede las expectativas del desempeño esperado.

  4. Nivel 3- Calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) ha desempeñado su cargo a un nivel de capacidad y ejecución ocasionalmente satisfactorio y que se identificaron áreas en su actual desempeño que necesitan ser mejoradas.

  5. Nivel 2- Deficiente: Significa que la evaluación realizada demostró que el (la) candidato(a) ha desempeñado su cargo a un nivel de capacidad y ejecución que cumple con los parámetros mínimos requeridos para desempeñar el cargo para el cual solicita renominación, pero se encontró que necesita mejorar sustancialmente su actual desempeño judicial.

  6. Nivel 1- No calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) no posee el nivel de capacidad y ejecución requerido para desempeñar el cargo para el cual solicita la renominación.

B. […]

1. Nivel 5- Excepcionalmente bien calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) posee las cualidades y atributos requeridos para desempeñar de forma excelente y muy efectiva el cargo de juez o jueza del Tribunal de Apelaciones.

2. Nivel 4.5 - Muy bien calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) posee las cualidades y atributos requeridos para desempeñar de forma sobresaliente y efectiva el cargo de juez o jueza del Tribunal de Apelaciones.

3. Nivel 4- Bien calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) posee las cualidades y atributos requeridos para desempeñar de forma efectiva el cargo de juez o jueza del Tribunal de Apelaciones.

4. Nivel 3- Calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) pudiera poseer las cualidades y atributos requeridos para desempeñar el cargo de juez o jueza del Tribunal de Apelaciones, no obstante, se encontró que aún necesita mejorar su desempeño judicial previo a obtener el ascenso solicitado.

5. Nivel 2- Deficiente: Significa que la evaluación realizada demostró que el (la) candidato(a) pudiera poseer las cualidades y atributos mínimos requeridos para desempeñar el cargo de juez o jueza del Tribunal de Apelaciones, pero se encontró que necesita mejorar sustancialmente su desempeño judicial previo a obtener el ascenso solicitado.

6. Nivel 1- No Calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) no posee el nivel de capacidad y ejecución requerido para desempeñar el cargo de juez o jueza del Tribunal de Apelaciones.

C. […]

1. Nivel 5- Excepcionalmente bien calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) posee las cualidades y atributos requeridos para desempeñar de forma excelente y muy efectiva el cargo de juez o jueza Superior.

2. Nivel 4.5 - Muy bien calificado(a): Significa que la evaluación realizada demostró que el (la)

candidato(a) posee las cualidades y atributos requeridos para desempeñar de forma sobresaliente y efectiva el cargo de juez o jueza Superior.

3. Nivel 4- Bien calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) posee las cualidades y atributos requeridos para desempeñar de forma efectiva el cargo de juez o jueza Superior.

4. Nivel 3- Calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) pudiera poseer las cualidades y atributos requeridos para desempeñar el cargo de juez o jueza Superior, no obstante, se encontró que aún necesita mejorar su desempeño judicial previo a obtener el ascenso solicitado.

5. Nivel 2- Deficiente: Significa que la evaluación realizada demostró que el (la) candidato(a) pudiera poseer las cualidades y atributos mínimos requeridos para desempeñar el cargo de juez o jueza Superior, pero se encontró que necesita mejorar sustancialmente su desempeño judicial previo a obtener el ascenso solicitado.

6. Nivel 1- No Calificado(a): Significa que la evaluación realizada demostró que el (la) candidato(a) no posee el nivel de capacidad y ejecución requerido para desempeñar el cargo de juez o jueza Superior.

D. […]".

Se enmienda la Regla 25 para que disponga lo siguiente:

"*Regla 25. Referidos, recomendaciones y otras medidas*

A. […]

B. Una vez concluida la evaluación, y a la luz de sus hallazgos, la Comisión podrá, entre otras cosas, tomar las acciones siguientes:

1. Retener jurisdicción de los procesos de evaluación y ordenar evaluaciones de seguimiento en los casos que, a su juicio, lo ameriten.

2. […]

3. Recomendar el nombramiento de un juez(a) o exjuez(a) mentor(a) para que apoye al (a la) evaluado(a).

4. Recomendar al Pleno del Tribunal Supremo que se refiera al juez o a la jueza a una evaluación psicológica o psiquiátrica cuando la evaluación realizada refleje un problema de salud emocional o mental. El propósito de esa evaluación será determinar la aptitud y capacidad del juez o de la jueza y, en los casos correspondientes, recomendar la ayuda necesaria desde el punto de vista remedial. Si el juez o la jueza se niega a someterse a esa evaluación, el Pleno del Tribunal Supremo podrá recomendar que se refiera el asunto a la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales para la acción que proceda.

5. Referir al juez o a la jueza a una reunión con el Juez Administrador o la Jueza Administradora de la Región en la que trabaja o con el Director Administrativo o la Directora Administrativa de los Tribunales para que se discutan aspectos o hallazgos relevantes de su evaluación.

6. Recomendar al Pleno del Tribunal Supremo asignaciones, traslados, designaciones y cualquier otra medida que a su juicio pueda resultar beneficiosa para el juez o la jueza.

7. Sugerir cualquier otra medida que estime necesaria.

C. […]".

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto de Conformidad al cual se unieron la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Kolthoff Caraballo, el Juez Asociado señor Feliberti Cintrón y el Juez Asociado señor Candelario López. El Juez Asociado señor Colón Pérez disiente y hace constar las siguientes expresiones a las que se une la Jueza Presidenta Oronoz Rodríguez:

"Por considerar en extremo innecesarias las enmiendas aquí propuestas, y toda vez que una mayoría de mis compañeras y compañeros de estrado no nos proveyeron fundamento alguno para variar esa apreciación, o para validar su proceder, disentimos del curso de acción que hoy se sigue. Y es que, a nuestro juicio, medidas como éstas solo logran obstaculizar el buen funcionamiento de la Comisión de Evaluación Judicial, y forman parte de un empeño, o capricho, de continuar diluyendo

los poderes de la figura del Juez Presidente, --
en este caso Jueza Presidenta --, de este
Tribunal".


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enmiendas a las Reglas 3, 4,
10, 12, 14, 17, 18 y 25 del        ER-2026-0001
Reglamento para la Evaluación
de Jueces y Juezas del
Tribunal de Primera Instancia


Voto de Conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unieron la Jueza Asociada señora PABÓN CHARNECO y los Jueces Asociados señor KOLTHOFF CARABALLO, señor FELIBERTI CINTRÓN y señor CANDELARIO LÓPEZ


En San Juan, Puerto Rico, a 12 de marzo de 2026.

Como señalé el 5 de abril de 2019 al aprobarse unas enmiendas al Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia:

¿Por qué, entonces, tanta pasión y retórica contra la injerencia de los Jueces Asociados en los trabajos de una comisión de todo el Tribunal Supremo? La comisión no está adscrita a la presidencia sino al Tribunal Supremo en pleno. ¿Por qué, entonces, el endoso irrestricto a la injerencia exclusiva de la Jueza Presidenta, con la exclusión de los demás integrantes de este Tribunal?

La respuesta es evidente: Ejercer control de la comisión a espaldas de los Jueces Asociados de este Tribunal. Así pues, sí, ¡por supuesto que volvemos a la carga

para reclamar injerencia en los organismos del Tribunal y evitar que se nos excluya como lamentablemente se hacía en el pasado! Para defender ese principio y evitar que esta rama se administre como si fuera una monarquía, estaré a la carga, hoy, mañana y siempre. In re Enmdas. Regl. Evaluación Js. TPI, 202 DPR 149, 151-152 (2019) (Voto de conformidad del Juez Asociado señor Martínez Torres, al que se unieron la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Kolthoff Caraballo, Rivera García y Feliberti Cintrón).


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado